**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NORFOLK MEDICAL PRODUCTS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Angiodynamics, Inc., ) <br> ) <br> Defendant. ) | ) Case No. 15 CV 00215 <br> ) <br> ) Hon. Sharon Johnson Coleman <br> ) <br> ) Mag. Judge Sidney Schenkier |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, *INSTANTER*** 

Norfolk Medical Products, Inc. ("Norfolk") hereby submits this Memorandum in Support of its Motion for Leave to File Second Amended Complaint, *Instanter*. The proposed Second Amended Complaint ("SAC") addresses certain alleged contradictions between some of the allegations of the Amended Complaint and certain deposition testimony that was offered in a separate case pending between the parties in which Plaintiff's counsel, Michael Tomlinson, is not involved. The alleged contradictions were brought to the attention of counsel for Plaintiff by counsel for Defendant Angiodynamics, Inc. ("Angiodynamics"), William Oberhardt, on April 23, 2015, at the hearing on Plaintiff's Motion for Leave to File Amended Complaint, *Instanter*. The proposed Second Amended Complaint is attached to the Motion as Exhibit A.

**INTRODUCTION**

Norfolk filed its Complaint in this matter on January 9, 2015. Angiodynamics filed a Motion to Dismiss on March 9, 2015, based in part on alleged defects in the Complaint. On April 23, 2015, the Court granted Plaintiff's Motion for Leave to File Amended Complaint, *Instanter*. Before the presentment hearing on that date, counsel for Angiodynamics, Mr. Oberhardt, informed counsel for Norfolk, Mr. Tomlinson, that a Rule 30(b)(6) deposition of Norfolk had taken place in March 2015 (on March 18, 2015) in a separate patent infringement

case filed in the United States District Court for the District of Massachusetts, *Angiodynamic, Inc. v. Norfolk Medical Products, Inc.*, Case No. 1:14-CV-12246. Mr. Oberhardt further indicated that he believed the deposition contained direct contradictions to certain allegations contained within both the original Complaint and the Amended Complaint. Mr. Tomlinson informed Mr. Oberhardt that he was not involved in that case and was not made aware that the deposition occurred. However, Mr. Tomlinson informed Mr. Oberhardt that he would immediately investigate the matter.

Mr. Tomlinson immediately sought to obtain the deposition transcript and review it in light of the allegations of the Amended Complaint. In addition, Mr. Tomlinson inquired with his client further regarding the alleged contradictions. Based on that review and further inquiry, Norfolk brings its Motion for Leave to File a Second Amended Complaint, *Instanter* to clarify what are loose references by Norfolk to "a study" or "studies" as opposed to what are likely more accurately described as "product evaluations," and to indicate more clearly the precise damages caused by Angiodynamics' conduct. As such, the SAC addresses the alleged contradictions between some of the allegations of the Amended Complaint and certain deposition testimony. After it became aware of the allegedly contradictory deposition testimony, Norfolk and its counsel moved quickly and without undue delay to bring the present Motion.

**LEGAL STANDARD**

The Seventh Circuit "has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on their merits and not on the basis of technicalities." *Green v. J.C. Penney Inc.*, 722 F.2d 330, 333 n.3 (7th Cir. 1983). In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

2

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis*, 371 U.S. 178, 182 (1962). Since none of these defects are present here, leave to amend should be allowed. *See Daugherity v. Traylor Bros, Inc.*, 970 F.2d 348, 351 (7th Cir. 1992).

**ARGUMENT**

**The SAC Clarifies Confusion Between the In Vitro Study and the Product Evaluations.**

Based on apparent confusion between an *in vitro* study and the product evaluations referenced in the Amended Complaint, Angiodynamics alleges contradictions between the deposition testimony and the allegations of the Amended Complaint. This largely centers around whether the "study" Norfolk referenced in its original and proposed Amended Complaint was occurring at the time the alleged misstatements by Angiodynamics' representatives occurred. (*See*, *e.g.*, Am. Compl. ¶¶ 15-16, 22.) In its deposition, Norfolk, through its CEO, Michael Dalton, testified that an *in vitro* study of the SportPort™ had already been completed prior to the time of the misstatements Norfolk alleges were made by Angiodynamics' representatives. (Norfolk Depo. at pp. 197-201, relevant portions of which are attached hereto as Exhibit 1.)

The Amended Complaint in fact alleges that a bench test occurred on April 25, 2014, which is the "*in vitro* study" to which Mr. Dalton was referring as having been completed. The SAC makes clear that after that bench test, UT Southwestern Medical Center ("UT Southwestern") continued to evaluate the SportPort™ for purchase for use in patients in further "studies." (Ex. A to Motion, SAC ¶ 17.) Angiodynamics was well aware that the evaluation of Norfolk's SportPort™ was occurring at UT Southwestern and it was during that evaluation that Angiodynamics representative made the representations that Norfolk alleges. (*See* emails

3

attached hereto as Exhibit 2).[1]  Further, Norfolk received information strongly indicating that it was the Angiodynamics' representations that led UT Southwestern to delay its purchase of the Norfolk's SportPort™. (*See* Group Ex. 2.)  Norfolk also has information from its sales representatives in the field that the other facilities referenced in the SAC that were conducting product evaluations halted those evaluations as a result of the misrepresentations of the Angiodynamics representatives.

## CONCLUSION

For all of the foregoing reasons, Norfolk's Motion should be granted.  Angiodynamics will not be prejudiced by the SAC because it would clarify the factual and legal issues already alleged in the case and add clarification regarding perceived inconsistencies between allegations and evidence adduced in the Massachusetts case.  Norfolk has not unduly delayed in seeking leave to file the SAC and it is not seeking this amendment in bad faith or for any improper purpose.

Dated:  May 8, 2015                             Respectfully submitted,

                                                NORFOLK MEDICAL PRODUCTS, INC.


                                                By:  /s/ Michael P. Tomlinson
                                                       One of its attorneys

Michael P. Tomlinson
Michael Munley
Tomlinson Law Office, P.C.
8501 W. Higgins Road, Suite 420
Chicago, IL  60631
Phone:  (312) 715-8770
Fax:  (866) 625-7089

---

[1] These emails also demonstrate that this suit was not filed in retaliation for the patent infringement suit that was filed by Angiodynamics as Angiodynamics has asserted. Angiodynamics' suit was filed in May 2014, Norfolk learned of the misrepresentations in August 2014, and this suit was not filed until January 2015.